## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM DEMARCO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DNVB, Inc. d/b/a THURSDAY BOOT COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Adam DeMarco, individually, and on behalf of all others similarly situated, alleges as follows, on personal knowledge and investigation of his counsel, against DNVB, Inc. d/b/a Thursday Boot Company ("DNVB" or "Defendant"):

### I.    INTRODUCTION

1.      This is a proposed class action, brought under New York law on behalf of a nationwide class of customers of DNVB, challenging a false advertising and deceptive pricing scheme whereby DNVB falsely advertises "Free Shipping and Returns in the US." However, when a customer enters their shipping address on the purchase screen of DNVB's website, they are automatically charged with a charge for "Shipping Protection" of amounts varying based on the total value of their purchase. DNVB further falsely advises that if the customer does not pay this "Shipping Protection" fee then "Thursday is not responsible for damaged, lost or stolen items during shipping."

2.      DNVB intentionally does not disclose the Shipping Protection charges to consumers in its advertising, and does not disclose the fee until after the consumer has entered their shipping information in the purchase process.

1

3.      DNVB further misrepresents to consumers that if they do not agree to pay the fee then DNVB is not responsible for damaged, lost or stolen items during shipping. However, as Defendant is a merchant selling to consumers for delivery at a specified address the risk of loss for such purchases remains with DNVB by operation of NY law.

4.      Plaintiff seeks restitution on behalf of himself and the Class, including disgorgement of all revenues DNVB obtained from the Class as a result of the unlawful conduct alleged herein. Plaintiff further seeks damages for himself and the Class members in the amounts they paid in Shipping Protection fees, plus statutory, treble, and punitive damages.

5.      Plaintiff seeks declaratory, monetary, and statutory relief for himself and the proposed Class to obtain redress, bringing claims under New York General Business Law §§ 349 and 350, as well as New York common law including injunctive relief to stop DNVB's unlawful conduct as set forth herein.

II.     **THE PARTIES**

6.      Plaintiff, Adam DeMarco, is a citizen and resident of Northfield, New Jersey and purchased a pair of Premier Low Top sneakers online from DNVB's website, www.thursdayboots.com on or about March 31, 2024. Like every Class member, Plaintiff DeMarco has been victimized by the same uniform policies described in detail herein, in that he purchased a pair of shoes from Defendants website, and while going through the purchase process, a $2.98 charge for Shipping Protection was added to his order. Plaintiff DeMarco viewed the charge, as well as Defendant's admonishment that should he fail to pay such fee, Defendant would not be responsible for damaged, lost or stolen items during shipping.  Plaintiff DeMarco therefore paid the fee and completed his purchase.

7.      Defendant DNVB, Inc. ("DNVB" and/or "Defendant") is a corporation chartered under the laws of Delaware, with its principal place of business located at 48 W. 21st Street, New

2

York, NY, and thus is a citizen of Delaware and New York. DNVB does business under the name "Thursday Boot Company" and operates the online store located at www.thursdayboots.com as well as retail located in the Flatiron District of New York City, the SoHo district of New York City, Wicker Park in Chicago and the Garden State Plaza in Paramus where it sells footwear, clothing, bags and accessories.

8.     Defendant DNVB created, implemented, and received the proceeds from the unlawful scheme at issue in this Complaint, namely, the imposition, charging, and collection of the Shipping Protection fee to its customers.

## III.    JURISDICTION AND VENUE

9.     Jurisdiction over this matter is proper in the United States District Court under the Class Action Fairness Act in that this is a proposed class action, Defendant DNVB is a citizen of a different state than at least one member of the proposed nationwide Class, and the amount in controversy exceeds $5 million.

10.     This Court has personal jurisdiction over DNVB because (1) DNVB is a citizen of, and has a principal place of business in the State of New York and within this District; (2) DNVB is authorized to do business and in fact regularly conducts business in the State of New York, including from two retail locations at 48 W. 21st Street, 2nd Floor, New York NY and 45 Crosby St. New York, NY; (3) the claims alleged herein took place primarily in New York, where DNVB created, imposed, and collected the complained of Shipping Protection fee; and/or (4) DNVB has committed tortious acts within the State of New York (as alleged, without limitation, throughout this Complaint).

11.     Venue is proper pursuant to 28 U.S.C. §1391 in the Southern District of New York, in that Defendant, DNVB is a citizen of and maintains its principal place of business in this District.

## IV.  NEW YORK LAW APPLIES TO THE CLAIMS OF PLAINTIFF AND THE CLASS

12.    New York law applies to the claims of Plaintiff and the Class because, *inter alia:* (1) Plaintiff and each Class member purchased merchandise through Defendant's website which is operated from New York; (2) they each were charged the complained of Shipping Protection fee by DNVB from its headquarters in New York; (3) the complained of Shipping Protection fees were paid to and collected by DNVB at its headquarters in New York; (4) DNVB's misrepresentations, omissions, false and misleading conduct, deceptive acts, and other unlawful policies complained of herein arose from and were made at DNVB's headquarters in New York. Thus, a substantial part of DNVB's complained of conduct occurred in and emanated from New York State. *See e.g. Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 124 (2d Cir. 2013). In addition, DNVB has made clear that it intends that New York Law should apply, given that DNVB inserted a New York choice of law clause in the Terms of Service posted on its website.

## V.  FACTUAL ALLEGATIONS

13.    Defendant sells footwear, clothing, bags and accessories primarily through its website www.thursdayboots.com.

14.    Defendant began operations in 2014 and has progressively grown its business, having opened four physical locations and increasing sales through effective marketing efforts reportedly having made over $14,882,273 in online sales in October 2024 alone.[1]

15.    The average order value for a purchase from Defendant's website is between $160 and $360. Id.

---

[1] See https://www.tenereteam.com/blogs/thursday-boots-review/ (last accessed April 9, 2025).

16.     Defendant's website deceptively (1) misrepresents that absent payment of a "Shipping Protection" fee, consumers are responsible for the risk of loss or damage to packages in transit; (2) fails to disclose the amount of the fee until after consumers have begun the checkout process and entered a delivery address; (3) represents that shipping is free in spite of the fee Defendant intends to charge; and (4) represents in their "Honest Prices, Guaranteed" section that charges on the website are the lowest, despite the fact that Defendant does not charge the "Shipping Protection" fee on the Amazon.com store page it maintains.

**Risk of Loss**

17.     Upon reaching Defendant's website, consumers are immediately met with a banner advertisement at the top of Defendant's website, indicating that shipping and returns are free in the United States:



See www.thursdayboots.com (last accessed April 9, 2025)(emphasis added).

18.     This banner advertisement is also displayed on each product page on Defendant's website.

19.     By virtue of its placement at the top of Defendant's main landing page and each product page, all consumers, like Plaintiff herein, navigating to the site view this advertisement and would see Defendant's promise that shipping is free in the United States.

20.     Consumers seeking more information about this offer, that click on the "Details" link in the banner advertisement are provided with a pop-up ad again affirming that shipping and returns are free for consumers within the United States:



21.     While navigating through the purchase process, each product on Defendant's website contains an "Honest Pricing Guarantee" as shown below:



(last accessed April 9, 2025)(emphasis added)

22.    Consumers clicking on the "More Info" link next to the Honest Pricing Guarantee are assured that Defendant does not utilize discounts or promo codes, does not offer holiday sales and that their site has the **__Best Price offered year-round__** (emphasis added):



(last accessed April 9, 2025)(emphasis added)

23.     Consumers who do not click on the "More Info" link next to the Honest Pricing Guarantee are still provided with these assurances if they scroll down on the product page, which provides a section again containing the Honest Pricing Guarantee:



(last accessed April 9, 2025)

24.     Defendant's website fails to disclose that it separately maintains a storefront on Amazon.com. Defendant's storefront charges the same prices for Defendant's products, and offers free shipping:



(last accessed April 9, 2025)

25.    However, Defendant's products sold through their storefront on Amazon.com do not contain any associated "Shipping Protection" fees.

26.    When a customer selects an item for purchase on Defendant's website and clicks the "add to cart" button, they are presented with a pop-up screen as displayed below, indicating that shipping is free:



(last accessed April 29, 2025)(emphasis added)

27.     Upon clicking the "Checkout" button on the popup consumers are taken to a separate page to complete their transactions.

28.     Unlike Defendant's storefront on Amazon.com, at the checkout screen on Defendant's own website, users are automatically charged for "Shipping Protection" as depicted below:



(last accessed April 9, 2025)(emphasis added).

29.     Importantly, the charge for Shipping Protection is described as follows:



☑ Yes, add Shipping Protection to my order.



$2.98

If not selected, Thursday is not responsible for damaged, lost, or stolen items during shipping.

30.     This description is specifically designed to mislead consumers into believing that if they do not pay additional monies to Defendant, they will be without recourse for any damage or loss of their packages in transport.

31.     The Checkout Page on Defendants website contains two separate "Terms of Service" linked to the web addresses https://shop.app/terms-of-service and a separate pop-up window with Thursday specific terms (Defendant's specific Terms and Conditions). Neither of the Terms and Conditions linked on Defendant's checkout page contain a description of the applicable risks of shipping and delivery under the terms of the agreement.

32.     Defendant's Checkout Page does not include links to any other policies, terms or descriptions of Defendant's business, products or shipping.

33.     Defendant's specific Terms and Conditions on the Checkout page have a choice of law clause selecting the law of New York as the applicable law.

34.     Defendant's specific Terms and Conditions do not contain an arbitration clause or class action waiver.

35.     Defendant's website fails to disclose that under the New York Uniform Commercial Code as a contract requiring the delivery of goods to a particular destination, the risk of loss for damage or loss during transit remains with Defendant until the goods are delivered.

36.    Furthermore, Defendant's website fails to disclose that Defendant utilizes shipping companies to transport purchased goods which enables consumers to make claims for lost or damaged goods with the carrier eliminating their risk of loss and need for additional insurance.

37.    Finally, Defendant's website fails to disclose to consumers that Defendant has insured its shipments to consumers against the risk of damage or loss while its goods are in transit from its warehouse to consumers regardless of whether additional Shipping Protection is purchased or not.

38.    These misrepresentations are all knowingly made with the intention of misleading consumers into thinking they should pay Defendant extra money in order to avoid the risk of losing the money paid to Defendants for goods which may never be delivered.

39.    Defendant's "Shipping Protection" amounts to a cash grab and profit center for no extra protection to consumers whatsoever.

40.    Defendant's Shipping Protection fee is illusory because such protection is not necessary nor required.

41.    In actuality the Shipping Protection fee is either a shipping fee (which was promised to be free) or a profit center to Defendant. Furthermore, the additional charge for a common aspect of shipping products renders Defendant's repeated advertisements of "Free Shipping" misleading, deceptive and false.

42.    Finally, Defendant's offer of identical products through its Amazon.com storefront without "Shipping Protection" fees renders its Honest Pricing Guarantee untrue – consumers are able to obtain the same products at a lower price from Defendant through its secondary storefront when compared to its' main website.

## VI.    PLAINTIFF'S FACTUAL ALLEGATIONS

43.     On March 31, 2025 Plaintiff, Adam DeMarco ordered a pair of "Premier Low Top" Sneakers from Defendant's website www.thursdayboots.com.

44.     Plaintiff viewed the top banner of Defendant's page which advertised "free shipping" as described above as he selected his shoes for purchase.

45.     The product page for the shoes Plaintiff purchased also displayed Defendant's "Honest Pricing Guarantee" as described above.

46.     Plaintiff saw Defendant's "Honest Pricing Guarantee" during his purchase.

47.     After selecting his shoes and clicking the "Checkout" button on Defendant's site, Plaintiff was brought to the page to complete his purchase, where, for the first time, a charge of $2.98 was added to his order for "Shipping Protection."

48.     Plaintiff paid for his purchase, including Defendant's Shipping Protection fee.

49.     After paying for his purchase, Defendant emailed Plaintiff an order confirmation, which provided Plaintiff with a link entitled "View Your Order" which, when clicked, for the first time advised Plaintiff that Defendant has shipped his purchase via United Parcel Service (UPS).

50.     UPS, by virtue of its basic terms of service provides that its' liability for loss or damage of domestic packages valued up to $100 is free of charge and increases its shipping charges incrementally based on the value of the goods shipped.

51.     Importantly, even when consumers purchase goods worth less than $100 Defendant automatically applies $2.98 in Shipping Protection fees, just as it did on Plaintiff's order, therefore the charge to Plaintiff could not have been some sort of "pass through" due to the cost of his order (which still would have been a deceptive practice in light of Defendant's "free shipping" representation) and instead is simply a profit center for Defendant.

52.     Defendant sells its Premier Low Top sneakers on its storefront at amazon.com, where it does not charge consumers a Shipping Protection fee.

53.     Had Plaintiff known that Defendant's selected carrier had liability for damage or loss for his package up to the declared value included in their shipping services he would not have paid for Defendant's Shipping Protection fee.

54.     Had Plaintiff known he could select similar or identical shoes from Defendant through their amazon.com storefront, he would have ordered through that storefront and avoided paying the Shipping Protection fee.

55.     Had Plaintiff known the truth of the Shipping Protection fee, he would not have been willing to pay said fee, and/or would have acted differently.

56.     Plaintiff has a right to rely now, and in the future, on the truthfulness and accuracy of Defendant's representations and advertisements regarding the Shipping Protection fee, and its Honest Pricing Guarantee. Plaintiff believes that he was sent the goods that he purchased – but believes that the price was inflated by virtue of the addition of the Shipping Protection fee he was charged at checkout.

57.     Plaintiff may purchase goods from Defendant in the future. However, Plaintiff wants to be confident that the advertised prices for goods are the true prices for those goods, and that if goods are to be shipped, he is adequately apprised of what method of shipping will be used, and the actual risk of loss between the parties with or without a Shipping Protection fee.  Plaintiff also wants to be confident that should Defendant seek to introduce any new or invented fees, that Defendant will include the amount of those fees in the advertised and quoted prices as well as what those fees actual cover. Plaintiff will be harmed if, in the future, he is left to guess as to whether Defendant's representations are accurate, whether there are omissions and misrepresentations of

15

material facts regarding the prices advertised, the fees charged, and what those fees include with purchases of goods from Defendant's website.

## VII.    **CLASS ALLEGATIONS**

58.    Plaintiff brings this lawsuit as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), seeking damages and statutory penalties under New York state law and injunctive relief on behalf of himself and all members of the following proposed nationwide Class:

> **All current and former customers who purchased products through www.thursdayboots.com and paid a Shipping Protection fee within the applicable statute of limitations.**

59.    **Application of the Discovery Rule.**  This Court should apply the discovery rule to extend any applicable limitations period (and the corresponding Class period) to the date on which Defendant first began charging the Shipping Protection fee. The nature of Defendant's misconduct was non-obvious and intentionally concealed from its customers.  As a result of Defendant's intentional misconduct, omissions, and affirmative misrepresentations throughout the customer lifecycle, neither Plaintiff nor the Class members could have, through the use of reasonable diligence, learned of the accrual of their claims against Defendant at an earlier time.

60.    Specifically excluded from the Classes are DNVB, Inc. and any entities in which DNVB, Inc. has a controlling interest, DNVB Inc.'s agents and employees, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.

61.    Plaintiff reserves the right to redefine the Classes prior to class certification.

62.    **Numerosity.**  The members of each Class are so numerous that joinder of all members would be impracticable.  While Plaintiff does not know the exact number of Class

members prior to discovery, upon information and belief, there are thousands of members in the nationwide Class. The exact number and identities of Class members are contained in Defendant's records and can be easily ascertained from those records.

63.     **Commonality and Predominance.**  All claims in this action arise exclusively from the uniform policies and procedures of DNVB, Inc. as outlined herein.  This action involves multiple common questions of fact and law which are capable of generating class-wide answers that will drive the resolution of this case.  These common questions predominate over any questions affecting individual Class members, if any.  These common questions include, but are not limited to, the following:

a.     Whether Defendant employed a uniform policy of automatically charging the Shipping Protection fee to Plaintiff and Class members who purchased through its website;

b.     Whether Defendant's policy and practice of advertising free shipping despite automatically charging a Shipping Protection fee is false, deceptive, or misleading;

c.     Whether Defendant's policy and practice of advising consumers that absent paying the Shipping Protection fee, consumers are not covered for products lost or damaged in shipment is false, deceptive or misleading;

d.     Whether Defendant's policy and practice of omitting from its' website information that Defendant has insured shipments with carriers transporting goods to consumers for loss or damage in transit regardless of whether consumers pay a Shipping Protection

fee is false, deceptive or misleading.

e. Whether Defendant offering its products through a separate Amazon.com storefront for identical prices to those on its website, but without charges for a Shipping Protection fee renders its "Honest Pricing Guarantee" false, deceptive or misleading.

f. Whether Defendant adequately and accurately disclosed the existence of the Shipping Protection fee, its nature or basis, or its amount, to Plaintiff and Class members;

g. What is the nature or purpose of the Shipping Protection fee;

h. Whether New York law applies to the claims of Plaintiff and the Class;

i. Whether Defendant has violated the implied covenant of good faith and fair dealing, implied in its contracts with Plaintiff and the Class, by imposing the Shipping Protection fees;

j. Whether Defendant's misrepresentations, omissions, policies, and conduct alleged herein constitute deceptive acts or practices in violation of New York General Business Law § 349; and

k. Whether Defendant's misrepresentations, omissions, policies, and conduct alleged herein constitute false advertising in violation of New York General Business Law § 350.

64. **Typicality.** Plaintiff, like all Class members, is a consumer who purchased goods through Defendant's website www.thursdayboots.com and was charged a Shipping Protection fee as part of his purchase. His claims all arise from the same course of conduct by Defendant, are

based on the same legal theories, and face the same potential defenses. Defendant's claims are typical of all Class members' claims. Plaintiff is a member of the Classes he seeks to represent. All claims of Plaintiff and the Class arise from the same course of conduct, policy and procedures as outlined herein.

65. **Adequacy.** Plaintiff and his counsel will fairly and adequately protect Class members' interests.  Plaintiff seeks the same relief for himself as for every other Class member, has no interests antagonistic to Class members' interests, and is committed to representing the best interests of the Class.  Moreover, Plaintiff has retained counsel with considerable experience and success in prosecuting complex class action and consumer protection cases.

66. **Superiority.** A class action is superior to all other available methods for fairly and efficiently adjudicating this controversy.  Each Class member's interests are small compared to the burden and expense required to litigate each of his or her claims individually, so it would be impractical and would not make economic sense for Class members to seek individual redress for Defendant's conduct.  Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system.  Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct by Defendant.  A single adjudication would create economies of scale and comprehensive supervision by a single judge.  Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial in this case.

67. By its conduct and omissions alleged herein, Defendant has acted and refused to act on grounds that apply generally to the Class, such that declaratory relief is appropriate respecting each Class as a whole.

68.     Without the proposed class action, Defendant will retain the benefits of its wrongdoing.

## VIII.   CAUSES OF ACTION

### COUNT I

### Violations of New York General Business Law § 349

69.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged herein.

70.     New York General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

71.     In its sale of goods on its website, Defendant conducted business and trade within the meaning and intendment of New York General Business Law § 349.

72.     Plaintiff and Class members are each consumers who purchased goods from Defendant for their personal use.

73.     By the acts and omissions alleged herein, Defendant has engaged in deceptive and misleading acts and practices designed to sell its products at prices higher than it advertised and promised to consumers, and to covertly and improperly squeeze additional money from its customers for its own profit through its actions herein described relative to the Shipping Protection fee.

74.     Defendant's Shipping Protection fee amounts to a cash grab and profit center for no extra protection to consumers whatsoever.

75.     Defendant's Shipping Protection fee is illusory because such protection is not necessary nor required.

76.    In actuality the Shipping Protection fee is either a shipping fee (which was promised to be free) or a profit center to Defendant. Furthermore, the additional charge for a common aspect of shipping products renders Defendant's repeated advertisements of "Free Shipping" misleading, deceptive and false.

77.    Defendant's Shipping Protection fee also renders its honest pricing guarantee false as consumers could purchase its products from Defendant's Amazon.com storefront with free shipping and without a Shipping Protection fee.

78.    By reason of this conduct, Defendant has engaged and continues to engage in deceptive acts and practices in violation of the New York General Business Law § 349.

79.    Defendant's deceptive acts, misrepresentations, and omissions have a tendency to deceive, and in fact deceived, the general public, including the Plaintiff and the Class.

80.    Defendant's deceptive acts, misrepresentations, and omissions were and are material, in that they were likely to, and did in fact, mislead reasonable consumers acting reasonably under the circumstances.

81.    Although not required by New York law, Plaintiff and Class members reasonably relied on Defendant's material misrepresentations, omissions and deceptive policies and practices, and would not have purchased goods from Defendant's website, or would not have paid as much for said goods, had they known the truth about Defendant's policies and practices.

82.    Defendant knowingly and willingly committed these deceptive acts and practices for its own profit and the profit of its shareholders.

83.    As a direct and proximate result of Defendant's deceptive actions, Plaintiff and Class members have been harmed and have lost money or property in the amount of the Shipping Protection fee that they paid to Defendant.

84.     Defendant's actions were the direct, foreseeable, and proximate cause of the damages that Plaintiff and the Class have sustained from having paid the Shipping Protection fee.

85.     As a result of Defendant's deceptive actions and practices, Plaintiff and the Class members have suffered damages and are entitled to recover those damages or $50, whichever is greater. Plaintiff and Class members are also entitled to treble damages up to $1,000 because Defendant willingly and knowingly committed deceptive acts and practices in violation of New York General Business Law § 349. Plaintiff and Class members are also entitled to initiate a program to provide refunds and/or restitution to Plaintiff and the Class. Plaintiff is also entitled to reasonable attorneys' fees from Defendant.

## COUNT II

### Violations of New York General Business Law § 350

86.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged herein.

87.     New York General Business § 350 prohibits false advertising in the conduct of any business, trade or commerce.

88.     Defendant's material misrepresentations, omissions, and failures to disclose as described herein also constitute false advertising in violation of N.Y. § 350, which broadly declares unlawful all **"[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."**

89.     Section 350-e allows any person who has been injured by any violation of section 350 or section 350-a to bring an action to recover actual damages or $500, whichever is greater, as well as to obtain an injunction to enjoin the unlawful false advertising. N.Y. Gen Bus. Law § 350-e(3).

22

90.     By the acts and omissions alleged herein, including, *inter alia*, advertising and promising free shipping and the lowest prices available for their products, when they intended to charge a Shipping Protection fee associated with shipping, rendering the prices which Defendant charged for products on its own Amazon.com storefront while misrepresenting the risks consumers would bear should they refuse to pay a Shipping Protection fee, Defendant has violated New York General Business Law § 350, causing damage to Plaintiff and the Class.

91.     Defendant's "Shipping Protection" amounts to a cash grab and profit center for no extra protection to consumers whatsoever.

92.     Defendant's Shipping Protection fee is illusory because such protection is not necessary nor required.

93.     In actuality the Shipping Protection fee is either a shipping fee (which was promised to be free) or a profit center to Defendant. Furthermore, the additional charge for a common aspect of shipping products renders Defendant's repeated advertisements of "Free Shipping" misleading, deceptive and false.

94.     Defendant's Shipping Protection fee also renders its honest pricing guarantee false as consumers could purchase its products from Defendant's Amazon.com storefront with free shipping and without a Shipping Protection fee.

95.     By reason of this conduct, Defendant has engaged in false advertising in violation of the New York General Business Law § 350.

96.     Defendant's false advertising has a tendency to deceive, and in fact deceived, the general public, including Plaintiff and the Class.

97.    Defendant's false advertising is and was material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

98.    Although not required by New York law, Plaintiff and Class members reasonably relied on Defendant's false advertising, and would not have purchased goods from Defendant's website, or would not have paid as much for said goods, had they known the truth about Defendant's policies and practices, and specifically had they known that Defendant's free shipping, low price guarantee, and Shipping protection description were false.

99.    Defendant knowingly and willingly made these false advertisements and misrepresentations for its own profit and for the profit of its shareholders.

100.    As a direct and proximate result of Defendant's false advertising, Plaintiff and Class members have lost money or property in the amount of the Shipping Protection fee paid to Defendant.

101.    Defendant's actions were the direct, foreseeable, and proximate cause of the damages that Plaintiff and the Class have sustained from having paid for and received Defendant's goods.

102.    As a result of Defendant's false advertising, Defendant and each Class member have suffered damages and therefore are entitled to recover those damages or $500 per person (whichever is greater). Plaintiff and each Class member are also entitled to treble damages up to $10,000 because Defendant willfully and knowingly conducted false advertising in violation of New York General Business Law § 350. Plaintiff and each Class Member are also entitled to initiate a program to provide refunds and/or restitution to Plaintiff and the Class. Plaintiff is also entitled to reasonable attorney's fees from Defendant.

## COUNT III

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

103.    Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

104.    Defendant has violated the covenant of good faith and fair dealing by its conduct alleged herein, which includes but is not limited to:  unilaterally imposing the Shipping Protection fee at checkout; advertising and promising free shipping and the lowest prices available for their products, when they intended to charge a Shipping Protection fee associated with shipping, rendering the prices which Defendant charged for products on its own Amazon.com storefront while misrepresenting the risks consumers would bear should they refuse to pay a Shipping Protection fee.

105.    Defendant's imposition of the Shipping Protection fee defied customers reasonable expectations, was objectively unreasonable, and frustrated the basic terms of the parties' agreement Defendant's conduct and actions alleged herein were done in bad faith.

106.    Defendant's conduct described herein has had the effect, and the purpose, of denying Plaintiff and the Class members the full benefit of their bargains with Defendant.

107.    Plaintiff and the Class members have performed all, or substantially all, of the obligations imposed on them under any applicable agreements with Defendant. There is no legitimate excuse or defense for Defendant's conduct.

108.    Any attempts by Defendant to defend its overcharging through reliance on supposed contractual provisions will be without merit. Any such provisions are either inapplicable or are unenforceable because they are void, illusory lacking in mutuality, are invalid exculpatory clauses, violate public policy, are procedurally and substantively unconscionable, and/or are

unenforceable in light of the hidden and deceptive nature of Defendant's misconduct, among other reasons. Any such provisions would not excuse Defendant's abuses of discretion or otherwise preclude Plaintiff and the Class from recovering for breaches of the covenant of good faith and fair dealing.

109.    Plaintiff and members of the Class sustained damages as a result of Defendant's breaches of the covenant of good faith and fair dealing. Plaintiff seeks damages in the amount of the Shipping Protection fees paid by Plaintiff and the Class members.

## IX.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to:

A.    Certify the case as a class action and appoint Plaintiff and his counsel to represent the Class;

B.    Declare that Defendant is financially responsible for notifying all Class members of Defendant's deceptive and unconscionable business practices alleged herein;

C.    Find that New York law applies to the claims of Plaintiff and the Class members;

D.    Find that Defendant's conduct alleged herein be adjudged and decreed in violation of the New York laws cited above;

E.    Declare that Defendant's policy of charging a deceptive, Shipping Protection fee to be a violation of New York law;

F.    Order that injunctive relief is appropriate enjoining Defendant from continuing its deceptive conduct as set forth herein.

G.    Order Defendant to hold in constructive trust all Shipping Protection fee payments received from the Class;

H.    Order Defendant to perform an accounting of all Shipping Protection fee payments it collected;

I.    Enter judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include interest and prejudgment interest;

J.    Award Plaintiff and the Class members statutory, treble, and punitive damages;

K.    Award Plaintiff reasonable attorneys' fees and costs; and

L.    Grant such other and further legal and equitable relief as the Court deems just and equitable.

## X.    **JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to all parties.

Dated: April 14, 2025                    By:    _____

DeNITTIS OSEFCHEN PRINCE, P.C.
Stephen P. DeNittis, Esq.
315 Madison Ave, 3rd Fl.
New York, NY 10017
Telephone: (646) 979-3642
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiff and the Proposed Class*