UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM DEMARCO,

                Plaintiff,

   -against-

DNVB, INC. d/b/a THURSDAY BOOT COMPANY,

                Defendant.

25-CV-3076 (GHW) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      On July 9, 2025, Plaintiff Adam DeMarco moved to consolidate this case (*DeMarco v. DNVB, Inc.*, 25-CV-3076) with another case (*Lee v. DNVB, Inc.*, 25-CV-4393). (*See* ECF 16.) In that motion, DeMarco requested that his lawyer be appointed interim lead counsel in this putative class action. (*See id.*) Also on July 9, 2025, Lee was accepted as a related case to DeMarco. (*See* ECF 20.) I ordered that if Lee or Defendant wished to be heard on the motion to consolidate and for appointment of interim lead counsel, they could file a letter on the docket by July 25, 2025. (*See id.*) Lee filed a letter on the docket stating that he did not object to consolidation or to appointment of DeMarco's lawyer as interim lead counsel. (*See* ECF 21.) Defendant did not file a letter.

      Rule 42(a) provides: "[i]f actions before the court involve a common issue of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay." Fed. R. Civ. P. 42(a). Once the Court determines that the related actions involve a common issue of

law or fact, the Court "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). I have reviewed the complaints in *DeMarco* and *Lee*. Both allege claims arising out of Defendant's application of shipping protection fees to orders made through Defendant's website. DeMarco has demonstrated that consolidation will promote the convenience of the parties and witnesses and promote judicial efficiency. (*See* ECF 17, DeMarco Mem. at 5.) DeMarco has also shown that consolidation will not prejudice any party. (*See id.* at 6.)

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As the advisory committee notes, a court should consider designating interim class counsel if doing so is "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. "Generally, courts will appoint interim class counsel only in the event that there are 'a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated,' with multiple attorneys vying for class counsel appointment." *Sullivan v. Barclays PLC*, No. 13-CV-2811 (PKC), 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (quoting Federal Judicial Center, Manual for Complex Litigation § 21.11 (4th ed. 2004)). "If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." Federal Judicial Center, Manual for Complex Litigation § 21.11. DeMarco has not come forward with "any showing as to why . . . appointment [of his lawyer] as interim class counsel would be beneficial or necessary." *Sullivan*, 2013 WL 2933480, at *1. There is currently one additional case, which is being consolidated with this action, but counsel in *Lee* does not

appear to be seeking a leading role in this litigation; as a result, there is no indication that different lawyers vying for control of the case may complicate efficient case management or complete duplicative work. *See id.*

"[A] lack of designation will neither harm the interests of the putative class nor inhibit" DeMarco's counsel's "ability to represent them going forward." *Cohen v. Ne. Radiology, P.C.*, No. 20-CV-1202 (VB), 2021 WL 293123, at *10 (S.D.N.Y. Jan. 28, 2021). Nor does a potential for future filings make appointment of interim class counsel at this time necessary. *See id.* "Indeed, a premature appointment could 'preemptively limit a full airing and evaluation of the appointment of class counsel, in the event that additional, overlapping actions do, in fact, materialize in the future.'" *Id.* (quoting *Sullivan*, 2013 WL 2933480, at *1).

For the foregoing reasons, DeMarco's motion (ECF 16) is GRANTED IN PART, in that the Clerk of Court is respectfully requested to consolidate *DeMarco v. DNVB, Inc.*, 25-CV-3076, and *Lee v. DNVB, Inc.*, 25-CV-4393, and otherwise DENIED IN PART, without prejudice to DeMarco renewing the application if appropriate in the future.

The Clerk of Court is respectfully requested to terminate ECF 16.

DATED: July 28, 2025  
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY  
~~United States Magistrate Judge~~