UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
ADAM DEMARCO, *on behalf of himself and all others*           :
*similarly situated, et al.*,                                 :
                                                              :
                                        Plaintiffs,           :
                                                              :
                             -v-                              :
                                                              :
DNVB, INC., *doing business as,* THURSDAY BOOT                :
COMPANY,                                                      :
                                        Defendant.            :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2026

1:25-cv-3076-GHW

MEMORANDUM OPINION &
ORDER

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

Defendant DNVB's ("Thursday Boot") is an apparel retailer that sells clothing and accessories through its website www.thursdayboots.com. Plaintiffs allege that Thursday Boot's practice of automatically adding a shipping protection fee to a customer's cart at checkout—which a customer must then manually remove from their cart—and certain representations Thursday Boot makes with respect to that shipping protection fee are deceptive. Plaintiffs argue that Thursday Boot's representations and practices are deceptive because purchasing shipping protection provides no actual value to Thursday Boot's online customers.

Specifically, Plaintiffs allege that Thursday Boot's representation that if a customer elects not to purchase shipping protection Thursday Boot "is not responsible for damaged, lost, or stolen items during shipping" is deceptive. Plaintiffs argue this representation is deceptive because Thursday Boot itself (or its chosen carrier, UPS) is in fact required to reimburse customers for any damage or theft incurred during shipping, irrespective of whether a customer chooses to pay an additional fee for shipping protection. As a result, Plaintiffs filed this action, asserting claims for violations of New York's General Business Law ("GBL") §§ 349 and 350 and asserting common law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and

unjust enrichment.

On December 5, 2025, Magistrate Judge Robyn F. Tarnofsky issued a thoughtful and well-reasoned R&R recommending that the Court grant in part and deny in part Defendant's motions to dismiss. Defendant timely objected. For the reasons that follow, the Court adopts Judge Tarnofsky's R&R in large part and Defendant's motion to dismiss is GRANTED in part and DENIED in part.

## II.    BACKGROUND

### A.  Facts[1]

Familiarity with the facts of this case is presumed. The reader is referred to the R&R for a comprehensive description of the facts and procedural history of this case. A brief summary of the relevant allegations and procedural history is provided here for context.

### B.  Procedural History

Plaintiffs filed the operative complaint—the FAC—on August 8, 2025. *See generally* FAC. Plaintiffs' FAC asserts five causes of action under both the GBL and state law. *See generally id.* Plaintiffs allege that Thursday Boot violated GBL § 349 and § 350 because its customers are automatically[2] charged for shipping protection at checkout and because Thursday Boot "misrepresents to [those] consumers that if they do not agree to pay the fee then DNVB is not responsible for damaged, lost[,] or stolen items during shipping." *Id.* ¶¶ 1–3; *see also id.* ¶¶ 85–118.

Plaintiffs allege that even though Thursday Boot represents that "is not responsible" for any damage or theft incurred during shipping if its customers choose to forego paying for shipping

---

[1] The facts are taken from the First Amended Complaint, Dkt. No. 25 ("FAC"), and are accepted as true for the purposes of this motion. *See, e.g., Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Plaintiffs allege that shipping protection is "added to consumers' purchase via a small prechecked box without the customer doing anything at all to add the fee." FAC ¶ 30 (emphasis omitted). Plaintiffs allege that this "automatic opt[] in" is itself deceptive. *Id.* ¶ 31.

2

protection, "the risk of loss for [] purchases remains with DNVB by operation of [contract] law." *Id.* ¶ 3. Plaintiffs allege several reasons why Thursday Boot bears this risk of loss. First, Plaintiffs allege that, "under the New York Uniform Commercial Code[,] as a contract requiring the delivery of goods to a particular destination, the risk of loss . . . remains with Defendant until the goods are delivered." *Id.* ¶ 40. Second, Plaintiffs allege that Defendant "utilizes [UPS] to transport purchased goods, [and that UPS] enables customers to make claims for lost or damaged goods with [it] eliminating [any] risk of loss" to Thursday Boot's consumers. *Id.* ¶ 41. Finally, Plaintiffs allege that Thursday Boot "has insured its shipments . . . from its warehouse to consumers regardless of whether [] Shipping Protection is purchased or not." *Id.* ¶ 42. As a result, Plaintiffs allege that Thursday Boot's assertion that it does not bear any responsibility for risk of loss for goods shipped "mislead[s] consumers into believing that if they do not pay additional monies . . . they will be without recourse for any damage or loss of their packages in transport." *Id.* ¶ 35. To the contrary, Plaintiffs allege, customers would have shipping protection even without paying additional money for Thursday Boot's shipping protection.

Plaintiffs also assert an unjust enrichment claim, *id.* ¶¶ 119–24, a breach of contract claim, *id.* ¶¶ 125–30, and a claim for breach of the implied covenant of good faith and fair dealing, *id.* ¶¶ 131–37. Plaintiffs assert these claims individually and on behalf of a putative class of "all current and former customers who purchased products through www.thursdayboots.com and paid a Shipping Protection Fee within the applicable statute of limitations." *Id.* ¶ 74.

On July 9, 2025, Defendant moved to dismiss the FAC. Dkt. No. 27. Plaintiffs filed their opposition on October 3, 2025. Dkt. No. 32. On October 23, 2025, Defendant replied. Dkt. No. 38. Judge Tarnofsky issued the R&R on December 5, 2025, recommending that the Court grant Defendant's motion in part and deny the motion in part. *See generally* R&R. She concluded that Plaintiffs had adequately pleaded that Defendant's shipping protection representations and practice

of automatically adding the shipping protection fee to a customer's cart are misleading under GBL §§ 349 and 350, *id.* at 7, but that Plaintiffs had failed to state claims for injunctive relief, breach of contract, breach of the implied covenant of good faith and fair dealing, or unjust enrichment, *id* at 15–21.

First, Judge Tarnofsky recommended that the Court allow Plaintiffs' GBL § 349 and § 350 claims to proceed because she found that, at this stage of the litigation, Plaintiffs have adequately pleaded that Thursday Boot's representation that it "is not responsible for damaged, lost, or stolen items during shipping" was misleading. *Id.* at 8. With respect to Plaintiffs' claims arising from Defendant's "Honest Pricing Guarantee," Judge Tarnofsky concluded that any argument Defendant may have made in support of dismissal of that claim was waived because Defendant did not raise any argument as to that representation in its motion to dismiss. *Id.* at 8. Alternatively, she concluded that even if any argument Defendant may have made as to the "Honest Pricing Guarantee," was not waived, "the argument fails on the merits as well" because, as she explained— "[w]hether the Honest Pricing Guarantee was a deceptive practice depends on whether the Fee[3] was misleading, and . . . Plaintiffs have adequately pleaded that the Fee was misleading." *Id.*

Next, Judge Tarnofsky found that "the Fee does not negate the promise of free shipping" because "a reasonable consumer would understand the difference between shipping and shipping protection." *Id.* at 10–11 (citing *Ramos v. EyeBuyDirect, Inc.*, No. 25-cv-0539, 2025 WL 2633103, at *8 (C.D. Cal. Aug. 27, 2025); then citing *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 227–28 (S.D.N.Y. 2011)). Nonetheless, she concluded that "whether Defendant's disclosure provided Plaintiffs with sufficient information to understand the significance of the Fee is a question of fact that cannot be

---

[3] The R&R defined Thursday Boot's practice of automatically adding shipping protection to a customer's cart and Thursday Boot's statements with respect to that practice collectively as the "Fee." Although the Court does not use the "Fee" as a defined term in this opinion, it does not modify quotations from the R&R in which Judge Tarnofsky uses that defined term.

assessed on a motion to dismiss," *id.* at 10 (quoting *Birenbaum v. Bridgestone Retail Operations, LLC*, No. 24-CV-3611, 2025 WL 2308606, at *4 (E.D.N.Y. June 13, 2025), *report and recommendation adopted*, 2025 WL 2306641 (E.D.N.Y. Aug. 11, 2025)). As she explained, Plaintiffs had plausibly alleged that that a reasonable consumer may not fully understand "the nature of the shipping protection secured by the," shipping protection fee in part because "the website did not disclose whether Defendant's contracts with its customers were destination or shipment contracts," and because "even if the website had contained that information, a reasonable consumer likely would be unaware that [UPS] would bear the risk of loss or damage under a shipment contract and that the seller would bear the risk under a destination contract." *Id.* at 11. And she also concluded that, "[a]t this stage in the litigation, it is not appropriate to conclude as a matter of law that a reasonable consumer would have understood the Fee to be optional." *Id.* at 14. As she explained, "[i]t is plausible that a reasonable consumer would conclude that the [shipping protection fee] was required, based on its automatic inclusion in the shipping cart" "at the very end of the transaction." *Id.* at 13 (citing *Hampton v. Caraway Home, Inc.*, No. 25-CV-3489, 2025 WL 2994565, at *4 (C.D. Cal. Sept. 12, 2025)).

Second, Judge Tarnofsky recommended that the Court dismiss Plaintiffs' request for injunctive relief for lack of standing because "there is no real or immediate threat" that Plaintiffs will be harmed by Defendant's allegedly deceptive practices in the future. *Id.* at 15–16 (citing *Carovillano v. Sirius XM Radio Inc*, 715 F. Supp. 3d 562, 584 (S.D.N.Y. 2024); then citing *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 564–65 (S.D.N.Y. 2016)). Third, Judge Tarnofsky recommended that the Court dismiss Plaintiffs' breach of contract claim because Plaintiffs "unambiguously demonstrated assent to the Fee." *Id.* at 18 (citing *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 708 (2d Cir. 2023)). As she explained, "Plaintiffs cannot claim that adding the Fee to their carts was a breach of contract, because no valid contract existed until Plaintiffs [] demonstrated their acceptance by paying for their purchases, including the disclosed Fee." *Id.* Fourth, Judge Tarnofsky recommended that the Court

dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing because, as Plaintiffs conceded, it is based on the same facts underlying Plaintiffs' breach of contract claim. *Id.* at 19 (quoting Dkt. No. 32 at 23). Finally, Judge Tarnofsky recommended that the Court dismiss Plaintiffs' unjust enrichment claim as duplicative of Plaintiffs' breach of contract claim. *Id.* at 21.

Thursday Boot filed timely objections to the R&R on December 19, 2025. Dkt. No. 46 ("Def.'s Objections" or "Objections"). First, Defendant objected to Judge Tarnofsky's application of the reasonable consumer standard to the facts of this case, arguing that the R&R's factual findings "should have compelled dismissal" of Plaintiff's GBL claims as the "R&R credits all core factual premises establishing that" no reasonable consumer could have been misled by Defendant's Fee. *Id.* at 2–5. Second, Defendant argued that Judge Tarnofsky erred in imposing an affirmative duty on Thursday Boot to disclose publicly available information, which Thursday Boot argued would require it to disclose in detail the risk of loss rules with respect to a "shipment contract" under the U.C.C. and to disclose UPS's obligations as a common carrier to reimburse any losses occurring during transit. *Id.* at 6–8. Finally, Defendant objected to the R&R's conclusion that it had waived any argument with respect to the "Honest Pricing Guarantee" claim by not raising any arguments with respect to that claim in its motion to dismiss. *Id.* at 14 (citing R&R at 8). Defendant argued that this finding was "dicta" and that it is "internally inconsistent with the R&R's other conclusions" which recognize that "'[w]hether the Honest Pricing Guarantee was a deceptive practice depends on whether the [Shipping Protection] Fee was misleading." *Id.* at 14 (quoting R&R at 8) (alterations in Def.'s Objections).

Plaintiffs did not object to the R&R but filed a brief responding to Defendant's Objections. *See generally* Dkt. No. 50 ("Opp'n"). Plaintiffs argued that the Court should not credit Defendant's arguments with respect to the "Honest Pricing Guarantee" because Judge Tarnofsky correctly concluded that any such argument was waived because Defendant failed to raise it in Defendant's

motion to dismiss. *Id.* at 5. Plaintiffs also argued that they have plausibly alleged that a reasonable consumer reading Defendant's description of the shipping protection charge could have the impression that absent payment of that fee, the consumer "would be without recourse of any damage or loss of their packages in transport." *Id.* at 6. And Plaintiffs argued that whether a reasonable consumer would interpret the language explaining the shipping protection fee in this manner is a question of fact that is generally inappropriate for resolution on a motion to dismiss. *Id.* at 7 (citing *Buonasera*, 208 F. Supp. 3d at 566; then citing *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 466 (S.D.N.Y. 2020); then citing *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013)).

## III.   LEGAL STANDARD

### A.  Standard of Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate judge's report and recommendation, a district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v.*

*Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97-cv-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sep. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal citation and quotation marks omitted); *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (quoting *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals Corp., et al.*, No. 17-cv-6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020))); *Watson v. Geithner*, No. 11-cv-9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sep. 27, 2013) ("[A] party waives any arguments not presented to the magistrate judge." (emphasis in original)).

### B. Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711

F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  To

determine plausibility, courts follow a "two-pronged approach." *Iqbal*, 556 U.S. at 679.  "First,

although a court must accept as true all of the allegations contained in a complaint, that tenet is

inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009) (alterations and internal quotation marks omitted).  Second, a court determines "whether the

'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'"

*Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).  Determining

whether a complaint states a plausible claim is a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### C.  GBL §§ 349 and 350

GBL Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business,

trade or commerce or in the furnishing of any service," while GBL Section 350 prohibits "[f]alse

advertising in the conduct of any business, trade or commerce or in the furnishing of any service."

N.Y. Gen. Bus. Law §§ 349, 350.  To successfully assert a claim under either section of the statute,

"a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2)

materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or

practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall &

Condit Co.*, 18 N.Y.3d 940, 941 (2012)).  "Claims under GBL §§ 349 and 350 are not required to meet

the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." *Duran v. Henkel of Am.,

Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020).

"To state a claim for false advertising or deceptive business practices under New

York . . . law, a plaintiff must plausibly allege that the deceptive conduct was 'likely to mislead a

reasonable consumer acting reasonably under the circumstances.'" *Mantikas v. Kellogg Co.*, 910 F.3d

633, 636 (2d Cir. 2018) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).  The

test applies an objective standard.  *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124

(2d Cir. 2017) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20,

26 (1995)).  "Given that the reasonable consumer inquiry is, in most instances, a factual one, a party

seeking to dismiss a [GBL] claim must 'extinguish . . . the possibility' that a reasonable consumer

could be misled."  *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 236 (S.D.N.Y. 2021)

(quoting *Grossman v. Simply Nourish Pet Food Co.*, 516 F. Supp. 3d 261, 278 (E.D.N.Y. Jan. 27, 2021)

(quoting *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413, 2013 WL 4647512, at *16

(E.D.N.Y. Aug. 29, 2013))).  "In determining whether a reasonable consumer would have been

misled by a particular advertisement, context is crucial.  We therefore consider the challenged

advertisement as a whole, including disclaimers and qualifying language."  *Mantikas*, 910 F.3d at 636

(internal quotation marks, citations, and alteration omitted).

"It is well settled that a court may determine as a matter of law that an allegedly deceptive

advertisement would not have misled a reasonable consumer."  *Fink*, 714 F.3d at 741 (citing *Freeman

v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); then citing *Oswego Laborers'*, 85 N.Y.2d at 26).

However, "this inquiry is generally a question of fact not suited for resolution at the motion to

dismiss stage."  *Duran*, 450 F. Supp. 3d at 346; *see also Newton v. Kraft Heinz Foods Co.*, No. 16 CV

04578 (RJD)(RLM), 2018 WL 11235517, at *3 (E.D.N.Y. Dec. 18, 2018) ("As a general matter, the

reasonable consumer test is a fact-based inquiry that cannot be resolved in a Rule 12(b)(6) motion.");

*Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*, 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015) ("[U]sually

[the reasonable consumer] determination is a question of fact." (quoting *Goldemberg v. Johnson &

Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014))).

For GBL claims premised on omission liability, "[t]he Court of Appeals explained in *Oswego

Laborers*[] that the standard for whether an omission is materially misleading under Section 349 is the

same as the standard for misrepresentations: actionable omissions are 'limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Schuman v. Visa U.S.A., Inc.*, 788 F. Supp. 3d 563, 579 (S.D.N.Y. 2025) (quoting *Oswego Laborers'*, 85 N.Y.2d at 26 (holding that this standard applies whether the alleged deceptive acts are "representations or omissions")). "An omission-based claim must plausibly allege that the 'plaintiff[ ] could not "reasonably have obtained the [omitted] information."'" *Id.* at 581 (quoting *Paradowski v. Champion Petfoods USA, Inc.*, No. 22-962-cv, 2023 WL 3829559, at *2 (2d Cir. June 6, 2023) (summary order) (quoting *Oswego Laborers'*, 85 N.Y.2d at 26–27)). "One example—though not the only example—of how to meet that standard is if the defendant "'alone possesses material information that is relevant to the consumer and fail[ed] to provide this information' or that plaintiffs could not 'reasonably have obtained the relevant information they now claim the defendant failed to provide.'"'"[4] *Id.* at 579, 581 (collecting cases) (quoting *Paradowski*, 2023 WL 3829559, at *2 (summary order) (quoting *Oswego Laborers'*, 85 N.Y.2d at 26–27)).

## IV.   DISCUSSION[5]

The Court has reviewed for clear error the portions of the R&R to which neither party objected and reviewed *de novo* the portions of the R&R to which Defendant objected. For purposes of its evaluation of the R&R, the Court treats Defendant's Objections as sufficiently precise to merit

---

[4] Here, the parties agree that a business has an obligation to make certain disclosures "where the business alone possesses material information that is relevant to the consumer and fails to provide this information." Def.'s Objections at 7 (quoting *Oswego Laborers'*, 85 N.Y. 2d at 26); Opp'n at 9 (same). As this Court has previously explained, "New York state courts do not appear to have adopted the narrow rule articulated in *Lebowitz*," an unpublished and nonprecedential Second Circuit decision, suggesting that omission-based claims are appropriate *only where* the business alone possesses material information and fails to disclose that information. *Schuman*, 788 F. Supp. 3d at 580 (quoting *Lebowitz v. Dow Jones & Co.*, 508 F. App'x 83, 85 (2d Cir. 2013) (summary order) (quoting *Oswego Laborers'*, 85 N.Y.2d at 26)). The Court still "agrees that the best reading of *Oswego Laborers'* is that 'an omission-based claim for § 349 liability' must plausibly allege that the plaintiff 'could not "reasonably have obtained the relevant information they now claim the defendant failed to provide."'" *Id.* at 581 (quoting *Paradowski*, 2023 WL 3829559, at *2 (summary order) (quoting *Oswego Laborers'*, 85 N.Y.2d at 26) (alterations omitted))). Nonetheless, because the parties agree that Defendant has an obligation to disclose material information if it alone possessed that information, and because Plaintiffs have alleged such a non-public fact, the Court need not reach this issue here.

[5] The Court does not discuss Defendant's Objections in the same order in which they are made in Defendant's brief.

*de novo* review. For the reasons that follow, the Court rejects Defendant's Objections, finds no clear error in the portions of the R&R that were not the subject of objections, and adopts the R&R's recommendations in large part—except for those portions it does not reach.

### A. Clear Error Review

The Court finds no clear error in Judge Tarnofsky's conclusions to which neither party objected. First, Judge Tarnofsky recommended that the Court find that Plaintiffs have adequately pleaded that Defendant's conduct was "consumer-oriented." R&R at 8; *see also id.* at 6 (quoting *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104, 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021) (quoting *Orlander*, 802 F.3d at 300)). Second, Judge Tarnofsky recommended that the Court find that Plaintiffs have adequately pleaded an actionable injury under GBL §§ 349 and 350 because they allege that, had they known the truth that Defendant's shipping practices provided no actual protection, they would not have paid the shipping protection fee. *Id.* at 14 (collecting cases).

And Judge Tarnofsky recommended that the Court dismiss Plaintiffs' request for injunctive relief because "there is no real or immediate threat" that Plaintiffs will be harmed by Defendant's allegedly deceptive practices in the future. *Id.* at 15–16 (collecting cases). Judge Tarnofsky also recommended that the Court dismiss Plaintiffs' breach of contract claim given that "Plaintiffs cannot claim that adding the Fee to their carts was a breach of contract, because no valid contract existed until Plaintiffs [] demonstrated their acceptance by paying for their purchases, including the disclosed Fee." *Id.* at 18. And Judge Tarnofsky recommended that the Court dismiss Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and for unjust enrichment because those claims are based on the same facts underlying Plaintiffs' breach of contract claim. *Id.* at 19–21. Finding no clear error in these recommendations, the Court adopts Judge Tarnofsky's conclusions and dismisses Plaintiffs' request for injunctive relief and claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

**B. Defendant's Objections**

      **i. Plaintiffs Have Plausibly Pleaded a Materially Misleading Omission Under the Reasonable Consumer Standard**

Judge Tarnofsky correctly recommended that the Court deny Defendant's motion to dismiss Plaintiffs' GBL claims because Plaintiffs have adequately pleaded that Thursday Boot's representation that "is not responsible for damaged, lost, or stolen items during shipping" is potentially misleading under the reasonable consumer standard as it omits material information that is solely within Defendant's possession. R&R at 10. Specifically, Plaintiffs have plausibly pleaded their omission-based claims because Defendant did not disclose that it uses a carrier to ship its products.

The Court has reviewed Judge Tarnofsky's conclusions *de novo* and concludes, as Judge Tarnofsky did, that it cannot conclude as a matter of law a reasonable consumer would not be misled by Thursday Boot's statement with respect to the consequences of choosing not to purchase shipping protection. Plaintiffs have plausibly alleged that a reasonable consumers might understand Defendant's claim that it "is not responsible for damaged, lost, or stolen items during shipping" as suggesting that the buyer had no recourse for damages incurred during shipping—including no recourse for damages from Thursday Boot's carrier, here, UPS. Therefore, this is a question of fact that should not be resolved on a motion to dismiss. Opp'n at 8 (asserting that Defendant's representation with respect to the shipping protection fee "was specifically designed to mislead consumers into believing if they do not pay additional monies to Defendant, they will be without recourse" for any damage or theft of their packages in transport).

Judge Tarnofsky correctly articulated the applicable legal standard, soundly stating that: "[t]he reasonable consumer standard is typically a question of fact that cannot be resolved on a motion to dismiss," and she did not err, on this particular record, in concluding that the Court may not dismiss Plaintiffs' claims simply because "there is an alternative, non-misleading interpretation."

R&R at 7 (citing *Duran*, 450 F. Supp. 3d at 346; then citing *Buonasera*, 208 F. Supp. 3d at 566; then citing *Anderson v. Unilever U.S., Inc.*, 607 F. Supp. 3d 441, 451 (S.D.N.Y. 2022)); *see also Hesse*, 463 F. Supp. 3d at 467 ("This reasonableness inquiry is rarely resolved on a motion to dismiss.").

"Given that the reasonable consumer inquiry is, in most instances, a factual one, a party seeking to dismiss a [GBL] claim must 'extinguish . . . the possibility' that a reasonable consumer could be misled." *Barton*, 535 F. Supp. at 236 (quoting *Grossman*, 516 F. Supp. 3d at 278 (quoting *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *16)). Defendant has simply not met this heavy burden here, and Judge Tarnofsky correctly declined to conclude that this is one of those "rare situations" in which "dismissal is warranted" because "it is impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Hesse*, 463 F. Supp. 3d at 467 (citing *Williams v. Gerbers Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)).

As Judge Tarnofsky soundly explained, Plaintiffs have plausibly pleaded that Defendant's representation that "is not responsible for damaged, lost, or stolen items during shipping" is potentially misleading to a reasonable consumer because Defendant omits material information that is within its sole possession—the fact that Defendant uses a carrier to ship its products, here UPS. Judge Tarnofsky acknowledged that, "the Fee was disclosed in the sense that Plaintiffs saw a description of the Fee prior to their purchases and opted to pay." R&R at 10. But as she soundly explained, Plaintiffs have plausibly alleged that "the failure to disclose that the carrier [UPS] was responsible for loss or damage during transit might 'undermine [the] consumer's ability to evaluate his or her market options and make a free and intelligent choice.'" *Id.* at 12 (quoting *N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, 953 N.Y.S.2d 96, 102 (2d Dep't 2012); *see also* R&R at 11 (citing FAC ¶¶ 36–37, 41–42.); *id.* at 12 (quoting *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 181 (2021)). And she soundly concluded, in part based on Plaintiffs' allegations with respect to Defendant's contractual relationship with UPS, that

"whether Defendant's disclosure provided Plaintiffs with sufficient information to understand the significance of the Fee is a question of fact that cannot be assessed on a motion to dismiss." *Id* at 10; *see also id.* at 7 (citing *Duran*, 450 F. Supp. 3d at 346 (collecting cases)); *see also Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 95 (S.D.N.Y. 2021) ("At this stage of the case, however [dismissal] is appropriate only if Plaintiffs' claims are 'patently implausible' or 'unrealistic.'" (internal citations omitted)); *id.* at 11 (citing FAC ¶¶ 36–37, 41–42.).

Accordingly, the Court adopts this portion of the R&R and concludes that Plaintiffs have plausibly pleaded their omission-based GBL claims with respect to Defendant's failure to identify that it ships packages using UPS as a carrier. Because the Court concludes that Plaintiffs have plausibly pleaded their GBL claims for this reason alone, the Court does not reach—and accordingly does not adopt—Judge Tarnofsky's alternative finding that Plaintiffs have also adequately pleaded their GBL claims because "[i]t is plausible that a reasonable consumer would conclude that the Fee was required, based on its automatic inclusion in the shopping cart." R&R at 13 (internal citation omitted). Nor does the Court reach or adopt Judge Tarnofsky's conclusion that Plaintiffs plausibly alleged their GBL claims because they have alleged that "the website did not disclose whether Defendant's contracts with customers were destination or shipment contracts, and even if the website had contained that information, a reasonable consumer likely would be unaware that the carrier would bear the risk of loss or damage during transit under a shipment contract . . . ." R&R

---

[6] Neither party objected to Judge Tarnofsky's conclusion that "Plaintiffs have not alleged facts rebutting the presumption that the contracts were shipment contracts." R&R at 11; *Windows, Inc. v. Jordan Panel Sys. Corp.*, 177 F.3d 114, 116 (2d Cir. 1999) ("Where the terms of an agreement are ambiguous, there is a strong presumption under the U.C.C. favoring shipment contracts [and] [u]nless the parties 'expressly specify' that the contract requires the seller to deliver to a particular destination, the contract is generally construed as one for shipment." (internal citations omitted)) (concluding that a contract which specified that the goods at issue be "delivered to New York City," as opposed to a particular address within New York City, did not overcome the presumption in favor of shipment contracts). Accordingly, the Court has reviewed this portion of the R&R for clear error and found none. Nonetheless, the Court does not understand Judge Tarnofsky's conclusion on this point to foreclose Plaintiff's theory that the underlying contract between the parties was a destination, rather than a shipment, contract. Plaintiffs may still be able to muster sufficient facts to demonstrate that the contract was a destination contract following discovery. If Plaintiffs are able to muster sufficient facts to plausibly demonstrate that any contract between them and Thursday Boot was a destination contract, then under U.C.C. § 2-509, the risk of loss for any damage or theft that may occur during shipping would be

at 11 (citing FAC ¶¶ 36–37, 41–42.); *see also id.* at 12 (quoting *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 181 (2021)).

### ii.  Defendant's "Parade of Horribles" Objection

In response to Judge Tarnofsky's recommendation that the Court conclude that Plaintiffs have plausibly pleaded their GBL claims under an omission theory, Defendant invokes a "parade of horribles" argument.  Defendants urge the Court to conclude that Judge Tarnofsky erred in "impos[ing] an affirmative duty to educate consumers about shipping law and carrier liability" because "New York's reasonable consumer standard does not require sellers to instruct consumers in commercial risk-allocation rules[7] or the [common carrier law] to avoid liability."  Def.'s Objections at 6.  But as explained above, Defendant's argument mischaracterizes the R&R's conclusions because Judge Tarnofsky did not impose an affirmative "obligation [on Defendant] to share legal primers."  *Id.* at 6.  Rather, she merely soundly concluded that, at this stage of the litigation, Plaintiffs have plausibly alleged that a reasonable consumer may be misled by Defendant's representations with respect to its shipping protection fee as stated because Defendant omitted material information solely within its control.

And Judge Tarnofsky did not hold that any particular disclosure was necessary to preclude liability on these facts; only that Plaintiffs have plausibly alleged that Thursday Boot omitted information as to its choice to use UPS as a carrier; the omission of which could render Thursday Boot's representations misleading to a reasonable consumer, as explained above.  *See* Opp'n at 11. ("Plaintiffs have alleged that Defendant had already contracted with shipping companies; that

---

allocated to the shipper until delivery.  Although the Court need not and does not reach this issue here, it notes that if Plaintiffs can demonstrate that the contract was a destination contract, then Defendant's statement that it "is not responsible for damaged, lost, or stolen items during shipping" would arguably be an affirmative misrepresentation.  *See* R&R at 12 (stating that Defendant's statement was "technically accurate" because Plaintiffs had not alleged sufficient facts to demonstrate that the contract was a destination contract).

[7] Because the Court need not and does not reach this alternative argument as to why Plaintiffs have plausibly pleaded their omission-based claims, it also need not address this portion of Defendant's Objections.

Defendant's chosen shipping companies provided coverage for loss or damage to packages for customers; and that Defendant insured shipments providing coverage for consumers regardless of whether consumers paid the Shipping Protection Fee. These facts all allege that Defendant was in possession of facts which Plaintiffs and consumers did not have and could not be reasonably expected to obtain—Defendant's private contractual relationships which afforded coverage to consumers."). Accordingly, Defendant's Objections are unpersuasive.

### iii. Judge Tarnofsky's Factual Findings Do Not Compel Dismissal

Defendant urges the Court to conclude that Judge Tarnofsky's factual findings[8] "should have compelled dismissal of the GBL claims" because those factual findings support a conclusion that no reasonable consumer could have been misled by Thursday Boot's representation with respect to its shipping protection fee. Def.'s Objections at 4 ("Those core findings align with the governing authority the parties briefed: optional add-ons, transparently itemized and presented contemporaneously, foreclose [Plaintiffs' GBL] claims as a matter of law."), 6.

As explained above, Defendant's Objections miss the mark: just because Thursday Boot "disclosed" that it "is not responsible for damaged, lost, or stolen items during shipping" does not mean that the "disclosure" itself was not potentially misleading where the "disclosure" omitted material information solely within Defendant's control. Again, Judge Tarnofsky acknowledged that, "the Fee was disclosed in the sense that Plaintiffs saw a description of the Fee prior to their purchases and opted to pay." R&R at 10. But as she soundly explained, "whether Defendant's disclosure provided Plaintiffs with sufficient information to understand the significance of the Fee is

---

[8] Specifically, Defendant suggests that the following factual findings should have compelled dismissal of Plaintiff's GBL claims: (1) "the Shipping Protection fee was conspicuously displayed in the cart as a separate, additional line item in the same size font as other items"; (2) "the R&R expressly recognizes that a reasonable consumer understands the distinction between shipping and shipping protection and that the presence of the a separate protection fee did not render 'free shipping' false; and (3) the R&R accepts that the parties' contracts are subject to a 'strong presumption' of shipment contracts under the U.C.C." Def.'s Objections at 3–6.

a question of fact that cannot be assessed on a motion to dismiss." *Id*; *see also id.* at 7 (citing *Duran*, 450 F. Supp. 3d at 346 (collecting cases)); *see also Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 95 (S.D.N.Y. 2021) ("At this stage of the case, however [dismissal] is appropriate only if Plaintiffs' claims are 'patently implausible' or 'unrealistic.'" (internal citations omitted)); *id.* at 11 (citing FAC ¶¶ 36–37, 41–42.).

As discussed above, Judge Tarnofsky's conclusion aligns with the "significant authority supporting the idea that it is inappropriate for a court to decide whether a reasonable consumer could be misled at the Rule 12(b)(6) stage." *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226 (S.D.N.Y. 2020). Accordingly, Defendant's Objections are unpersuasive.

### i. Waiver as to the "Honest Pricing Guarantee"

Defendant urges the Court to reject Judge Tarnofsky's conclusion that it waived any arguments with respect to the "Honest Pricing Guarantee" claim, which Defendant calls "dicta" and "internally inconsistent" with the R&R's other conclusions. Def.'s Objections at 14. But as Judge Tarnofsky made clear, waiver was only one of the two independent reasons why she recommended that the Court conclude that Plaintiffs had adequately pleaded their GBL §§ 349 and 350 claims as to the "Honest Pricing Guarantee" representation. R&R at 8 (citing *Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 206 n.6 (S.D.N.Y. 2020)). As she explained, even if Defendant's argument was not waived, "the argument fails on the merits as well," because "[w]hether the Honest Pricing Guarantee was a deceptive practice depends on whether the Fee was misleading, and, . . . Plaintiffs have adequately that the Fee was misleading." *Id.*

Since Defendant argues that the Court should decline to find waiver here because any argument as to the "Honest Pricing Guarantee" rises or falls alongside its challenge to the statement that it "is not responsible for damages, lost, or stolen items during shipping"—the Court adopts this

portion of the R&R only with respect to Judge Tarnofsky's second finding on the merits.[9]  And

because, as discussed above, Plaintiffs have plausibly alleged at this stage of the litigation that

Defendant's description of the shipping protection fee could mislead a reasonable consumer under

an omission theory of liability, Plaintiffs have also plausibly alleged that the "Honest Pricing

Guarantee" could mislead a reasonable consumer.  Accordingly, Defendant's Objections are not

persuasive and the Court adopts Judge Tarnofsky's conclusion that Plaintiffs' claims with respect to

the "Honest Pricing Guarantee" rise or fall alongside their claims with respect to Defendant's claim

that Boot "is not responsible for damaged, lost, or stolen items during shipping."

### i.  Leave to Amend

Judge Tarnofsky did not address whether—with respect to those of Plaintiffs' claims that

she recommended that the Court dismiss—those claims should be dismissed with or without leave

to amend.  It is the "usual practice" upon dismissing a complaint "to allow leave to replead."  *Cortec*

*Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The

court should freely give leave when justice so requires.").  Nevertheless, leave to amend "should

generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure

to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving

party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).  "Futility is

a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies

or to state a claim . . . ."  *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017)

(quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

---

[9] In its motion to dismiss, Defendant never indicated that any arguments it was making as to the non-deceptive nature of the "Honest Pricing Guarantee" necessarily follow from or mirror its arguments as to the claim that Thursday Boot "is not responsible for" damages incurred during transit.  *See generally* Dkt. No. 27.  Accordingly, the Court cannot conclude that Judge Tarnofsky's finding that Defendant had waived any argument it may have had as to the "Honest Pricing Guarantee" representation was in error.  Nonetheless, because the Court concludes, as Judge Tarnofsky did, that Defendant's argument fails on the merits "as well," the Court need not find waiver.

Neither party objected to any of Judge Tarnofsky's conclusions with respect to those claims that she recommended that the Court dismiss, namely Plaintiffs' claims for injunctive relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Nor did Plaintiffs argue that they could allege any additional facts to correct the deficiencies that Judge Tarnofsky identified with respect to these claims. Accordingly, because Judge Tarnofsky concluded that all of the claims for which she recommended dismissal were foreclosed as a matter of law, and because Plaintiffs have not argued that they could allege any additional facts to bolster those claims, any amendment would be futile. Accordingly, the Court will not grant Plaintiffs leave to amend their claims for injunctive relief, breach of contract, breach of the implied covenant of good faith and fair dealing, or unjust enrichment.

## V.    CONCLUSION

For the foregoing reasons, the Court adopts the R&R in large part. Accordingly, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

Plaintiffs' claims for injunctive relief are dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing with prejudice and without leave to amend. And Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment are also dismissed with prejudice and without leave to amend.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 26.

SO ORDERED.

Dated: January 26, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge