DeNittis | Osefchen | Prince, P.C.
Attorneys at Law

denittislaw.com

5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
P: 856.797.9951 | F: 856.797.9978

1515 Market Street, Suite 1200
Philadelphia, PA 19102
P: 215.564.1721 | F: 215.564.1759

315 Madison Ave., 3rd Floor
New York, NY 10017
P: 646.979.3642

The Parties shall file a joint letter to the docket by **September 25, 2026** informing the Court whether Exhibit 4 of Plaintiff's reply in further support of his motion for class certification should be kept under seal or filed with redactions. Plaintiff's letter-motion to seal at ECF 77 shall remain open.

Dated: September 18, 2026
New York, NY

SO ORDERED
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

September 17, 2026

**VIA ECF**
Hon. Robyn F. Tarnofsky, U.S.MJ.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *DeMarco, et al. v. DNVB, Inc.***
**1:25-cv-03076-GHW-RFT**

Dear Judge Tarnofsky,

As Your Honor is aware, our office represents the Plaintiffs in the above captioned putative class action. Currently pending before Your Honor is Plaintiffs' motion for class certification [ECF 63]. Plaintiffs' reply brief in support of that motion is due to be filed today. [ECF 67]. Pursuant to this Court's ECF Rules & Instructions, Your Honor's Individual Rules of Practice and the Court's Standing Order, 19-mc-00583, Plaintiffs respectfully submit this letter motion to submit portions of and exhibits to their reply brief in support of Plaintiffs motion for class certification provisionally under seal because: (1) they contain information protected under FRCP 5.2; or (2) they contain information designated by Defendant as "CONFIDENTIAL." With regard to item (2), while Your Honor's individual rules require a joint letter regarding the filing of this information under seal, plaintiff respectfully requests that the Court allow an additional 7 days to allow the parties to meet and confer in order to submit a joint letter on the Court. Plaintiff does not object to Exhibit 3 being filed under seal however, Plaintiff believes the parties need to meet and confer with regard to Exhibit 4. Plaintiffs sought a meet and confer with Defendant, but have not yet had an opportunity to discuss the matter, and given the deadline to file Plaintiff's reply we request this short extension.

1. Documents protected from disclosure pursuant to F.R.C.P. 5.2 containing personal identifying information.

Plaintiffs Exhibits numbered 1 and 2 contain personal identifying information which is protected from disclosure by FRCP 5.2(a). Plaintiff further seeks redaction of personal identifiers/contact information which are not germane to the issues before the Court. The proposed redactions of these documents are narrowly tailored. The redactions are limited to the personal identifying information and contact information for the individuals identified in the investigative report including home addresses, social security numbers, dates of birth and contact information.

None of this information is germane to the issue before the Court on class certification and none of it is referenced in Plaintiffs' reply brief. The information which is germane to the motion, and which is referenced in Plaintiff's reply brief – namely the location of these individuals' offices and their public LinkedIn profiles remains unredacted.

While judicial documents carry a presumption of public access, that presumption may be overcome by countervailing factors, including the privacy interests of the parties. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Plaintiffs submit that the proposed redactions are narrowly tailored to preserve individual's private information while also allowing the public to follow the dispute and therefore request that the Court grant permission to maintain the unredacted versions of Exhibit 1 and 2 under seal.

2. Documents designated as confidential by Defendant.

The Court entered the parties' Confidentiality Stipulation and Protective Order on July 30, 2025 (ECF No. 24) that governs that action. Pursuant to that Order, Defendant has designated certain information as confidential, including the documents attached to Plaintiffs' reply brief as Exhibits 3 and 4, bearing the BATES stamp numbers DNVB000192-DNVB000194 and DNVB004982-DNVB004985 respectively. The Court's individual

With regard to Exhibit 3, plaintiff does not contest that the document contains confidential information which warrants filing under seal and the information contained therein may be redacted from the brief as it contains sensitive business information – which falls within the "higher values" that can prevail over the presumption of public access." *CBF Industria d Gusa S/A v. AMCI Holdings, Inc.*, 2021 U.S. Dist. LEXIS 172220 (S.D.N.Y. Sept. 10, 2021). Given that nearly the entire document is comprised of nonpublic financial information of the Defendant including revenues and projections, the entire document should be filed under seal. The references within the brief to information contained in Exhibit 3 are on pages 1 and 10 of the reply brief and are highlighted in green in the nonpublic filing of the brief.

With regard to Exhibit 4, Plaintiff respectfully requests an additional seven days to meet and confer with Defendant and provide the Court with a joint letter regarding filing the document (or portions thereof) under seal. Plaintiff therefore requests the court allow the entire document to be filed under seal temporarily until the Court makes a determination as to whether some or all of the information should be withheld from public view. This will allow Plaintiff to comply with the motion scheduling order while still limiting any potential disputes to a single joint letter. Information contained in Exhibit 4 is referenced on page 1, 2-3, 3, 6 and 10 and is highlighted in yellow in the nonpublic filing of the reply brief.

Respectfully submitted,

DeNITTIS OSEFCHEN PRINCE, P.C.

STEPHEN P. DeNITTIS

cc: All counsel of record (by ECF)