UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM DEMARCO and JOSEPH LEE, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>-against-<br>DNVB, INC. d/b/a THURSDAY BOOT COMPANY,<br>Defendant. | 25-CV-3076 (JPO) (RFT)<br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before me is Plaintiffs' motion to seal (ECF 77) (1) the unredacted version of their reply brief in further support of their motion for class certification (the "Reply Brief") (ECF 78), (2) the unredacted versions of Exhibits 1, 2 and 4 to the Reply Brief (ECF 78-2, Ex. 1; ECF 78-3, Ex. 2; ECF 78-5, Ex. 4), and (3) Exhibit 3 to the Reply Brief (ECF 78-4, Ex. 3). The redacted versions of Plaintiffs' Reply Brief and Exhibits 1 and 2 appear on the public docket. (*See* ECF 77-1, Reply Brief; ECF 77-3, Ex. 1; ECF 77-4, Ex. 2.)

**Legal Principles**

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[1] The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the Court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the

[1] This order omits internal quotation marks, citations, and alterations from quoted text.

"weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.* (citing *United States v. Amodeo,* 71 F.3d 1044, 1049-50 (2d Cir. 1995)).

Any sealing order must be "narrowly tailored" to preserve privacy and competitive concerns; parties may be required to file documents with narrowly tailored redactions. *Lugosch*, 435 F.3d at 124; *see also Great W. Ins. Co. v. Graham,* No. 18-CV-6249 (VSB), 2021 WL 5325924, at *2 (S.D.N.Y. Nov. 15, 2021); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 15-CV-0307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019).

Federal Rule of Civil Procedure 5.2(a) lists the permissible redactions for filings containing certain personal identifying information, such as "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a). Courts routinely allow parties to file redacted versions of documents to protect personal identifying information. *See, e.g., Averbach v. Cariso Amman Bank,* No. 19-CV-0004 (GHW) (KHP), 2023 WL 4144758, at *3, *5 (S.D.N.Y. June 23, 2023) (noting that Courts in this District have recognized a privacy interest for certain banking information such as account numbers, social security numbers, and security questions, and permitting limited redactions of such numbers and similar identifying information that could pose a safety issue to customers); *Am. Realty Cap. Props. Litig.*, No. 15-CV-0307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal in part to protect certain documents that contained personal identifying information about individuals and allowing the parties to re-file such documents with narrowly tailored redactions to protect the privacy interests of those individuals). Courts also often allow redaction of

contact information. *See, e.g, Tromblee v. New York,* 2022 WL 17266979, at *4 (S.D.N.Y. Nov. 29, 2022) (holding that the defendant's proposed redactions to email addresses, and telephone numbers, and the plaintiff's current address were warranted); *DaCosta v. City of Danbury,* 298 F.R.D. 37, 41 (D. Conn. 2014) (explaining that by analogy to Rule 5.2(a)'s mandate to redact certain PII, "this court has previously required redaction of identifying information as addresses, phone numbers, and birth dates, material which, when placed on the Internet, might provide means for unwanted access to those individuals named").

However, not all financial and banking information implicates a privacy interest sufficient to warrant sealing. For example, Courts have denied sealing requests where the information at issue did not contain highly sensitive or personal details, was several years old, or was contained in something other than a primary financial document. *See, e.g., Ramirez v. Temin & Co., Inc.*, No. 20-CV-6258 (ER), 2020 WL 6781222, at *5 (S.D.N.Y. Nov. 18, 2020) (denying motion to seal where the information at issue was already public and did "not involve personal contact information or private bank account information").

Additionally, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F. 3d at 1050.

## **Analysis**

The documents at issue are filed in connection with the pending motion for class certification and therefore are judicial documents. *See McKoy v. Trump Corp.*, No. 18-CV-9936 (LGS), 2023 WL 7924685, at *3 (S.D.N.Y. Nov. 16, 2023) (collecting cases). Plaintiffs ask that the Reply Brief and its Exhibits 1, 2, and 4 be filed with redactions and that Exhibit 3 be sealed in its

entirety; Defendant does not object. (*See* ECF 77, Pls.' Mot. To Seal at 1-2.) Accordingly, I consider whether the proposed redactions and sealing are appropriate under relevant case law.

**1. Exhibits 1 and 2**

Plaintiffs seek to seal the unredacted versions of Exhibits 1 and 2. The proposed redactions are of personal information of two individuals; some of the information, such as dates of birth, are covered by Rule 5.2(a), and may be redacted on that basis. The other redactions are of addresses, contact information, and similar information. While this information is not directly covered by Rule 5.2(a), none of the redacted information is needed for the adjudication of the pending motion for class certification (ECF 63), and courts often permit redaction of information that could allow unwanted access to the individuals whose information is implicated. Accordingly, Plaintiffs' proposed redactions are appropriate. *See Valassis Comm'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (holding that redaction of names and addresses of third parties immaterial to a motion for summary judgment was warranted); *DaCosta,* 298 F.R.D. at 41. The motion to seal is **GRANTED IN PART**, in that the unredacted versions of Exhibits 1 and 2 (ECF 78-2, ECF 78-3) may remain sealed.

**2. Exhibit 3**

This exhibit is a spreadsheet that contains financial performance metrics for Defendant and related commentary, as well as a reference to Defendant's internal return policies before Defendant implemented the shipping protection fee at issue in this case. The parties agree that the document contains Defendant's confidential, sensitive, nonpublic business information, which warrants filing the document under seal. The parties state that the entire document

should be filed under seal because "nearly the entire document is comprised of nonpublic financial information of the Defendant." (ECF 77, Pls.' Mot. To Seal at 2.)

Plaintiffs' Reply Brief relies heavily on Defendant's prior returns policy to rebut Defendant's argument that Plaintiff Lee's case is atypical because he already knew about Defendant's use of UPS as its carrier. (*See* ECF 78, Pls.' Reply Brief at 10.) Plaintiffs do not provide any explanation of why disclosure of this superseded policy would cause competitive harm. There is no reason for the description of the prior returns to be shielded from public disclosure. *See In re Herzog*, 26-MC-0159 (VSB) (OTW), 2026 WL 2110902, at *5 (S.D.N.Y. Jul. 22, 2026) (denying a motion to seal a partnership agreement where the applicant made only conclusory statements "hypothesizing generalized commercial harm without articulating how they would be harmed, and which are unsupported by any analysis or declarations").

Accordingly, the motion to seal is **GRANTED IN PART** and **DENIED IN PART** as to Exhibit 3, which Plaintiff shall re-file on the public dockets with redactions to all information in the document except the prior returns policy.

**3. Exhibit 4**

This exhibit is a copy of Defendant's shipping protection policy as seen by customers, as well as internal notes from Defendant's employees regarding the policy from before the policy was implemented. Following Plaintiff's filing of this motion to seal, the parties met and conferred about what, if any, parts of Exhibit and references thereto in the Reply Brief should be redacted. (*See* ECF 77, Pls.' Mot. To Seal at 2; ECF 82, Pls.' Sept. 25, 2026 Letter at 1.) While the parties agreed that the entire document need not be kept under seal, they disagree as to what

redactions should be applied to the document. (*See* ECF 82, Pls.' Sept. 25, 2026 Letter at 1.) Plaintiffs place Defendant's proposed redactions into three categories:

> (1) internal discussions of competitor practices; (2) internal discussions of how Shipping Protection would be presented to the public; and (3) how Shipping Protection interacted with and changed Defendant's prior policies with regard to packages lost or damaged in shipment . . . .

(*Id.* at 1.) Plaintiffs do not object to the first category of redactions, but they object to the second and third categories of redactions.

*a. Internal Discussions of Competitor Practices*

Notwithstanding the parties' agreement on redactions to internal discussions of competitor practices, I conclude that there has been no showing that this material is appropriately redacted. The redacted information does not offer any analysis or discussion of the other companies' policies and does not reveal anything about Defendant's practices. The parties have not explained why Defendant's description of other companies' shipping protection fee practices is sensitive. Thus, the parties have not demonstrated that any overriding concerns outweigh the strong presumption of access afforded to filings on a motion for class certification. *See Metcalf v. TransPerfect Translations Int'l Inc.*, No. 19-CV-10104 (ER) (KHP), 2023 WL 7297176, at *3 (S.D.N.Y. Nov. 6, 2023) ("Absent any explanation from the parties as to why this information is sensitive, the Court cannot make specific, on the record findings for why this information is sufficiently sensitive to warrant sealing.").

*b. Internal Discussions of Public Presentation of Shipping Protection and Changes from Prior Policies*

Plaintiffs argue that the second and third categories of redacted information is relevant to Defendant's opposition to the motion for class certification because it is responsive "to the

question of Defendant's changes in practices . . . before and after Shipping Protection was added to Defendant's website." (ECF 82, Pls.' Sept. 25, 2026 Letter at 2.) Plaintiffs contend that, contrary to statements made by Defendant in their meet-and-confer session, the redactions do not bear on regulatory compliance. (*See id*.)

Defendant responds that its proposed redactions are narrowly tailored to redact "only discrete internal commentary and non-public business information," such as "specific internal business deliberations and strategy" and "non-public internal assessments of product design, regulatory positioning, refund strategy, customer-service messaging, and business testing." (*Id*. at 3-4.) Defendants contend that disclosure of the redacted information would "provide competitors and other market participants insight into Defendant's non-public implementation choices and strategic concerns in the launching the [Shipping Protection] feature." (*Id*. at 4.) Because Defendant provides a reasonable explanation for how it would be harmed by disclosure of redacted information about internal discussions of the public presentation of shipping protection and of changes from prior policies, Defendant has shown that its privacy interest in this proprietary information outweighs the presumption of public access. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 6501-51 (S.D.N.Y. 2011). The redactions are narrowly tailored to protect Defendant's privacy interest.

*****

The motion to seal is **DENIED IN PART,** in that the parties may not redact information from Exhibit 4 relating to internal discussions of Defendants' competitor practices, and **GRANTED IN PART**, in that information about internal discussions of the public presentation of

shipping protection and of changes from prior policies may remain redacted from the public version of Exhibit 4.

**4. The Reply Brief**

Plaintiffs' proposed redactions of their Reply Brief are references and citations to portions of Exhibit 3 that, for the reasons described above, should not be sealed, and portions of Exhibit 4 for which Plaintiff does not seek sealing. Accordingly, the motion to seal is **DENIED IN PART** to the extent it is directed to the Reply Brief, in that the Reply Brief must appear on the public docket in unredacted form.

**Conclusion**

Plaintiffs' motion to seal (ECF 77) is **GRANTED IN PART,** in that the unredacted versions of Exhibits 1 through 4 remain sealed, and **DENIED IN PART**, in that (1) the unredacted version of the Reply Brief (ECF 78) will be unsealed, (2) Plaintiffs must file a version of Exhibit 3 on the docket with redactions as specified in this order, and (3) Plaintiffs must file a version of Exhibit 4 on the docket with only those redactions that are specified in this order.

Plaintiffs are ordered by **October 5, 2026** to file on the public docket (1) a version of Exhibit 3 with redactions applied to all text except the information about the superseded returns policy, and (2) a version of Exhibit 4 with redactions applied only to lines 22 through 35 on DNVB004984 and lines one though 27 on DNVB004985.

The Clerk of Court is respectfully requested to (a) unseal ECF 78 while maintaining seals on the attachments to ECF 78 and (b) terminate ECF 77.

DATED: October 1, 2026
New York, NY

**SO ORDERED.**

**Robyn F. Tarnofsky**
**United States Magistrate Judge**